**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PATRICK ALLEN,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **1:25-cv-00780-SMD** |
| | ) | **Jury Trial Demanded** |
| **INSIGHT CAPITAL, LLC** | ) | |
| **D/B/A EASY MONEY;** | ) | |
| **DOWN SOUTH TOWING** | ) | |
| **& RECOVERY LLC;** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

---

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

**COMES NOW** the Plaintiff, **Patrick Allen**, by and through undersigned

counsel, and for his complaint against the Defendant, **INSIGHT CAPITAL, LLC**

**d/b/a Easy Money** and **Down South Towing & Recovery LLC,** states as follows:

**PARTIES**

1.  The Plaintiff, Patrick Allen, is a resident and citizen of the state of

Alabama, Houston County, and is over the age of twenty-one (21) years.

2.  The Defendant Insight Capital, LLC ("Insight Capital"), upon

information and belief, is a domestic entity and was, in all respects and at all times

relevant herein, doing business in the state of Alabama, and is registered to do

1

business in Alabama.

3.   The Defendant, Down South Towing & Recovery ("Down South"), is a domestic entity and was, in all respects and at all times relevant herein, doing business in the state of Alabama. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Houston County, Alabama and is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6). Upon information and belief, Defendant Down South was attempting to collect a consumer debt as defined by the FDCPA and uses instrumentality of interstate commerce or the mails in a business wherein the principal purpose of which is the enforcement of security interests.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, and § 1367. Venue is proper in that the Defendants transacted business here and the Plaintiff resides here.

## FACTUAL ALLEGATIONS

5.   On or about January 6, 2025, Plaintiff purchased a 2008 Dodge Charger VIN 2B3K233G8H288388, ("the Vehicle") from Flucker Paint Body Shop in Headland, Alabama.

6.     Plaintiff was the lawful owner of the Vehicle, had lawful possession,

had a clear title, and the Vehicle was not encumbered with any liens or other security interests.

7.  Upon information and belief, Defendant Insight Capital contracted with Defendant Down South to take possession of the Vehicle based on an alleged security interest with a prior owner.

8.    This alleged security interest no longer existed and no longer encumbered the Vehicle.

9.  On February 25, 2025, Defendants tow driver located the Vehicle at Captain Hooks in Dothan, Alabama.

10.    As the Defendants' tow driver started to hook up the Vehicle, Plaintiff stated to him that he owned the Vehicle and the tow driver had no right to take it. Defendants' tow driver continued to take the Vehicle over the protest of Plaintiff.

11.    In response, Plaintiff tried to show the Defendants' tow driver the clear title, but Defendants' tow driver continued and took the Vehicle.

12.    In response, Plaintiff contacted law enforcement for assistance and made a police report.

13.    With the assistance of law enforcement, Plaintiff was eventually able to recover the Vehicle from Defendants.

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST ALL DEFENDANTS

14.    The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

15.    The Defendants were under a duty to implement reasonable procedures in ensuring cars not encumbered by a valid security interest were not repossessed.

16.    The Defendants breached these duties by taking the Vehicle.

17.    As a proximate cause of Defendants' negligence, the Plaintiff was deprived of the Vehicle, suffered metal distress, and other physical and mental damages.

## COUNT TWO
## WANTONNESS CLAIM AGAINST ALL DEFENDANTS

18.    The Plaintiff adopts the factual averments and allegations hereinbefore as if fully set forth herein.

19.    Defendants, with reckless disregard of the natural or probable consequences of its actions, acted in a manner that resulted in the unlawful repossession of the Vehicle.

20.    Defendants knew, or should have known, that their actions would likely or probably result in injuries such as those sustained by Plaintiff.

21.    As a proximate cause of Defendants' wantonness, the Plaintiff was

deprived of the Vehicle, suffered metal distress, and other physical and mental

damages.

## COUNT THREE
## CONVERSION CLAIM AGAINST ALL DEFENDANTS

22.    The Plaintiff adopts the factual averments and allegations

hereinbefore as if fully set forth herein.

23.    The Plaintiff was the owner and/or in lawful control of the Vehicle.

24.    The Defendants did not have a present and immediate right of

possession of the Vehicle at the time of repossession.

25.    Without the Plaintiff's consent, the Defendants intentionally deprived

the Plaintiff of his rightful possession of the Vehicle.

26.    At all times relevant hereto, the Defendants acted with malice,

recklessness, and total and deliberate disregard for the contractual and personal

rights of the Plaintiff.

27.    As a result of the Defendants conduct, the Plaintiff was deprived of

the Vehicle, suffered metal distress, and other physical and mental damages.

## COUNT FOUR
## FDCPA CLAIM AGAINST DEFENDANT DOWN SOUTH

28.    The Plaintiff adopts the factual averments and allegations of all the

above paragraphs hereinbefore as if fully set forth herein.

29.    The Defendant Down South engaged in collection activities and

practices in violation of the Fair Debt Collection Practices Act.

30.    Defendant took non-judicial action to effect dispossession of the

Vehicle without a present right of possession in violation of 15 U.S.C. § 1692f(6).

31.    As a result of Defendant's' conduct, the Plaintiff was deprived of the

Vehicle, suffered metal distress, and other physical and mental damages.

## COUNT FIVE
## INVASION OF PRIVACY AGAINST DEFENDANTS

32.    The Plaintiff adopts the factual averments and allegations of all the

above paragraphs hereinbefore as if fully set forth herein.

33.    Congress explicitly recognized a consumer's inherent right to privacy

in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of
> personal bankruptcies, to marital instability, to the loss of jobs,
> and to invasions of individual privacy.

15 U.S.C. § 1692(a) (emphasis added).

34.    The Defendants undertook and/or directed actions to the Plaintiff

constituting an invasion of privacy, as set out and described in the common law of

the State of Alabama. Said actions were made in disregard for Plaintiff's right to

privacy.

35.    Said invasions were intentional, willful, and malicious, and violated

the Plaintiff's privacy. The Plaintiff avers that the actions and communications

were made by individuals who were the employees of and/or acting on behalf of

Defendants.

36.    Said communications and actions constitute the wrongful intrusion

into Plaintiff's solitude and seclusion.

37.    As a result of Defendants' Conduct, the Plaintiff was deprived of the

Vehicle, suffered metal distress, and other physical and mental damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a

judgment against the Defendants as follows:

A.    Compensatory and punitive damages against the Defendants;

Remedies available under the FDCPA against Defendant Down South, including statutory damages, costs and attorneys' fees and any other compensatory damages pursuant to 15 U.S.C.§1692k; and,

B.    Such other and further relief that this Court deems necessary, just, and

proper.

**PLAINTIFF DEMAND TRIAL BY STRUCK JURY.**

/s/ W. Whitney Seals
W. WHITNEY SEALS,
Attorney for the Plaintiffs

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com

*/s/ John C. Hubbard*
John C. Hubbard,
Attorney for the Plaintiff

**OF COUNSEL:**

**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
T: (205) 410-6491
E: jch@jchubbardlaw.com

**Please serve the Defendants by certified mail, return receipt requested the following addresses:**

**Insight Capital, LLC**
c/o Registered Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**Down South Towing & Recovery, LLC**
c/o Registered Agent
Eric Williamson
17891 Co. Road 4
Slocomb, AL 36375