## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PATRICK ALLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25-cv-00780-SMD** |
| | ) | |
| **INSIGHT CAPITAL, LLC D/B/A** | ) | |
| **EASY MONEY and DOWN** | ) | |
| **SOUTH TOWING & RECOVERY** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
### MOTION TO PARTIALLY DISMISS

_____

The Court should grant Defendants' Motion and dismiss Plaintiff's claims for wantonness and invasion of privacy for failure to state a claim. As discussed in this Memorandum, the Amended Complaint does not include factual allegations satisfying the knowledge element essential to a wantonness claim. Additionally, the facts alleged in the Amended Complaint do not give rise to any claim for invasion of privacy recognized under Alabama law. The Court should, therefore, dismiss Plaintiff's second (wantonness) and fifth (invasion of privacy) claims against

Defendants.[1]

## **BACKGROUND**[2]

On or around January 6, 2025, Plaintiff purchased a 2008 Dodge Charger (the "Vehicle") from Flucker Paint Body Shop in Headland, Alabama. Am. Compl. ¶ 5 (doc. 9). A prior owner of the Vehicle had granted a security interest in the Vehicle to Easy Money, and, based upon this security interest, Easy Money contracted with Down South to take possession of the Vehicle. *Id.* at ¶ 7. At the time Defendants sought to take possession of the Vehicle, according to Plaintiff, Easy Money's security interest no longer existed. *Id.* at ¶¶ 7-8.

On February 25, 2025, a tow truck driver for Down South located the Vehicle at Captain Hooks, a restaurant in Dothan, Alabama. Am. Compl. ¶ 9. As the tow truck driver secured the Vehicle to the tow truck, Plaintiff objected to its re-possession. *Id.* at ¶¶ 10-11. Notwithstanding Plaintiff's objection, the tow truck driver continued to take possession of the Vehicle. *Id.* at ¶ 11. Plaintiff later regained possession of the Vehicle. Am. Compl. ¶ 13.

---

[1]    Defendants will plead an answer in response to Plaintiff's first claim (negligence), third claim (conversion), and fourth claim (violation of FDCPA).

[2]    As required by Rule 12(b)(6), this Motion assumes the truth of the facts alleged in Plaintiff's Amended Complaint.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In ruling on a motion to dismiss, the Court must view well-pleaded factual allegations in the light more favorable to the non-moving party, but that deference does not apply to mere legal conclusions or conclusory allegations, both of which should be disregarded when evaluating the sufficiency of the complaint. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007); *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (per curiam). Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the claims are due to be dismissed. *Twombly,* 550 U.S. at 570.

## ARGUMENT

Plaintiff's Amended Complaint fails to state a claim for either wantonness or invasion of privacy. Plaintiff's wantonness claim fails due to an absence of

allegations showing that Defendants acted with knowledge that their conduct would probably injure Plaintiff's rights. His invasion of privacy claim also fails because the re-possession of the Vehicle does not fit within any theory of invasion of privacy recognized under Alabama law. Accordingly, the Amended Complaint fails to state a claim for either wantonness or invasion of privacy, both of which should be dismissed.

I.    **Plaintiff Fails to Plead an Essential Element of His Claim for Wantonness.**

The Amended Complaint fails to allege facts demonstrating the knowledge element essential to a claim of wantonness. By statute, Alabama law defines wantonness as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." *See* ALA. CODE § 6-11-20(b)(3). It involves the "conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998)). Alabama courts have emphasized that knowledge of the risks is "the *sine qua non* of wantonness." *See Clark v. Kindley*, 10 So. 3d 1005, 1008 (Ala. Civ. App. 2007) (quoting *Norris v. City of Montgomery*, 821 So. 2d 149, 156 n.9 (Ala. 2001)); *see also Hicks v. Dunn*, 819 So. 2d 22, 24 (Ala. 2001) ("[W]hile ordinary negligence involves inadvertence, wantonness requires a showing of a

conscious or an intentional act."). Wantonness may be shown from either direct proof or by "showing circumstances from which the fact or actual knowledge is a legitimate inference." *Ex parte Wal-Mart, Inc.*, 809 So. 2d 818, 822 (Ala. 2001) (quoting *Griffin Lumber Co. v. Harper*, 25 So. 2d 505, 508 (Ala. 1946)).

Plaintiff does not meet the standard for pleading the knowledge necessary to state a wantonness claim. With respect to knowledge, the Amended Complaint includes only a conclusory allegation that "Defendants knew, or should have known, that their actions would likely or probably result in injuries such as those sustained by Plaintiff." (Doc. 9 ¶ 20.) Even ignoring its conclusory nature, this allegation is insufficient because Alabama courts have ruled that wantonness requires more than a showing that a defendant "should have known" of a risk. *See, e.g.*, *Birmingham Ry. & Elec. Co. v. Butler*, 33 So. 33, 35 (Ala. 1902) (holding that the trial court erred in refusing to dismiss wantonness claim where plaintiff "alleged that the act complained of was done with knowledge or notice" and explaining "that notice was not the equivalent of knowledge in the charge of wanton misconduct, and that an averment in the disjunctive, of knowledge or notice, affirmed neither, and for that reason the count failed to state a cause of action"); *Southern Ry. Co. v. Bunt*, 32 So. 507, 508–09 (Ala. 1902) (reversing judgment for plaintiff on same basis). Because the Amended Complaint alleges notice in the alternative to knowledge, it is not sufficient to state a claim for wantonness under Alabama law.

5

Additionally, Plaintiff's other express allegations undermine any notion that Defendants ignored a known risk to Plaintiff's rights. For example, the Amended Complaint acknowledges that Defendants took possession of the Vehicle "based on an alleged security interest with a prior owner," and it describes this security interest has having "*no longer* existed" when Defendants took possession of the Vehicle. Am. Compl. ¶¶ 7-8 (emphasis added). In other words, Plaintiff admits that a legitimate security interest had previously existed. Even though his Amended Complaint alleges that the security interest "no longer existed" when Defendants took possession of the Vehicle, there is no allegation that Defendants were aware that the security interest "no longer existed." As a result, the Amended Complaint fails to show that Defendants knew that an injury to Plaintiff's rights would probably result from their actions.

Because Plaintiff fails to allege facts satisfying the knowledge element essential to his claim for wantonness, Count Two of the Amended Complaint should be dismissed.

## II.    Plaintiff's Claim for Invasion of Privacy Is Unsupported by Alabama Law.

The Amended Complaint also fails to plead facts sufficient to state a claim for invasion of privacy under Alabama law. "It is generally accepted that invasion of privacy consists of four limited and distinct wrongs: (1) intruding into the plaintiff's

6

physical solitude or seclusion; (2) giving publicity to private information about the plaintiff that violates ordinary decency; (3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; or (4) appropriating some element of the plaintiff's personality for a commercial use." *Johnston v. Fuller*, 706 So. 2d 700, 701 (Ala. 1997).

The Amended Complaint does not specify what privacy claim theory Plaintiff is asserting, but it is clear that no recognized theory applies to the facts he alleges. Plaintiff alleges no facts relating to private information, false light, or the misappropriation of Plaintiff's personality. Nor does the Amended Complaint show any intrusion into Plaintiff's physical seclusion or solitude.

While a re-possession could theoretically implicate an intrusion into a customer's physical seclusion or solitude, the Amended Complaint fails to allege facts supporting such a claim here. *See Johnston*, 706 So. 2d at 701. This theory of invasion of privacy can arise out of a "physical intrusion into a place in which the plaintiff has secluded himself." *Restatement (Second) of Torts* § 652B, cmt. *b* (giving examples of a defendant "forc[ing] his way into the plaintiff's room in a hotel" or "insist[ing] over the plaintiff's objection in entering his home"). Intrusion into a plaintiff's physical seclusion or solitude could also take the form of spying on a plaintiff's private affairs or investigating the plaintiff's private concerns. *Id.* (giving examples of a defendant tapping telephone wires or opening a plaintiff's

mail). Here, the Amended Complaint does not allege any spying by Defendants or that Defendants physically intruded into a private space. Instead, the Amended Complaint alleges that the re-possession of the Vehicle occurred at a public place, a "Captain Hooks" restaurant. *See* Am. Compl. ¶ 9.

Additionally, courts addressing this issue have found that mere re-possession of a vehicle that had been used as collateral for a secured transaction does not constitute an invasion of privacy. *See Saice v. MidAmerica Bank*, No. Civ.98-2396(DSD/JMM), 1999 WL 33911356, at *6 (D. Minn. Sept. 30, 1999) (granting defense summary judgment on an invasion of privacy claim arising out of a re-possession where the vehicle "had been used as collateral in obtaining a loan and that was left running, unlocked, and temporarily unattended in the parking lot of an apartment complex frequently accessed by members of the public"). Where courts have recognized an invasion of privacy relating to a vehicle re-possession, it is in a situation where the defendants took additional steps to invade the plaintiff's physical solitude or seclusion. *See, e.g., Penttala v. David Hobbs BMW*, 698 So. 2d 137, 141–42 (Ala. Civ. App. 1997) (holding that a fact question as to an invasion of privacy claim precluded summary judgment where, in addition to seizing plaintiff's purse while re-possessing her vehicle, defendants also "undertook a surveillance of [the plaintiff's] life in order to locate the [vehicle] and repossess it"). In this case, much like in *Saice*, the vehicle had been used as collateral for a secured transaction, and

the re-possession itself occurred at a public place. Unlike those present in *Penttala*, however, the Amended Complaint includes no allegations that Defendants surveilled Plaintiff or otherwise unlawfully intruded into his private affairs. Without these allegations, there has been no "intru[sion] into the plaintiff's physical solitude or seclusion" that could give rise to a legally cognizable claim for invasion of privacy. *Johnston*, 706 So. 2d at 701.

Because none of the theories for invasion of privacy recognized by Alabama law applies here, Plaintiff has failed to state a claim for invasion of privacy, and Count Five should be dismissed.

## CONCLUSION

Plaintiff's Amended Complaint fails to allege an essential element, conscious action, of his claim for wantonness. The Amended Complaint also fails to allege facts sufficient to support any theory of invasion of privacy recognized under Alabama law. For these reasons, the Court should dismiss Plaintiff's second and fifth counts for failure to state a claim.

Respectfully submitted this the 15th day of December, 2025.

*/s/ Brant J. Biddle*
Cason M. Kirby
Brant J. Biddle
HOLLAND & KNIGHT LLP
1901 Sixth Avenue North
Suite 1400
Birmingham, AL 35203

Tel.: (205) 226-5706
cason.kirby@hklaw.com
brant.biddle@hklaw.com

*Counsel for Defendants Insight Capital, LLC
d/b/a Easy Money and Down South Towing
& Recovery LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December, 2025, I filed the foregoing with the clerk of the Court through the CM/ECF system, which will electronically serve all counsel of record:

W. Whitney Seals
COCHRUN & SEALS, LLC
P.O. Box 10448
Birmingham, AL 35202
Telephone: (205) 323-3900
filings@cochrunseals.com

John C. Hubbard
John C. Hubbard, LLC
PO Box 953
Birmingham, AL 35201
Telephone: (205) 410-6491
jch@jchubbardlaw.com

*/s/ Brant J. Biddle*
Cason M. Kirby
HOLLAND & KNIGHT LLP